UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE JEAN-LOUIS,

                Plaintiff,

-against-

GOVERNORS STATE OF NEW YORK;
MAYOR NEW YORK CITY,

                Defendants.

1:23-CV-8167 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently held in the North Infirmary Command on Rikers Island, brings this action *pro se*. Because he did not submit, with his complaint, $402 in fees to bring this action, the Court understands Plaintiff as seeking to proceed with this action *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Plaintiff is barred, however, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner. *See Jean-Louis v. Mayor City of New York*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25, 2023) (recognizing Plaintiff as barred under Section 1915(g) and listing Plaintiff's "strikes"); *Jean-Louis v. Onafer Nuclear Power Plant*, No. 2:12-CV-1071 (C.D. Cal. Feb. 22, 2012) (same).

      Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[1] The court received a letter (ECF 2) after it received the complaint. The Court construes the letter as a supplement to the complaint.

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he is under imminent danger of serious physical injury.[2] Instead, Plaintiff asserts that the defendants are negligent "for not building underground nuclear fall-out shelters at elementary schools in [New York City] and for not conducting mock civil defense emergency evacuation disaster drills." (ECF 1, at 1.) Plaintiff is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.[4] *Id.*

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action by paying the required fees. If Plaintiff does so, that new civil action's complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the required fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge